IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| NECA-IBEW Rockford Local Union 364 Health and Welfare Fund, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 11 C 50165 |
| vs. | ) ) ) | |
| A & A Drug Co., Inc., et al., | ) ) ) | Judge Philip G. Reinhard |
| Defendants. | ) | |

### ORDER

For the reasons stated below, defendant's motion [60] to reopen this case and enjoin the state court action is denied.

### STATEMENT-OPINION

Defendant, A & A Drug Co., Inc., moves [60] pursuant to Fed. R. Civ. P. 60(b)(6), to reopen this case to enjoin an action by plaintiff, NECA-IBEW Rockford Local Union 364 Health and Welfare Fund against defendant and Walgreen Co. ("Walgreen") which plaintiff filed in the Circuit Court for the 16th Judicial Circuit, Kane County, State of Illinois and defendant and Walgreen removed to this court as case number 14 C 50146. This court, by order entered today, remanded that case to state court for lack of subject matter jurisdiction.[1]

Previously, in the instant case, this court decided which of two contracts between plaintiff and defendant governed the relationship between them. The court concluded [49], and the Court of Appeals affirmed, <u>NECA-IBEW Rockford Local Union 364 Health and Welfare Fund v. A & A Drug Co.</u>, 736 F.3d 1054 (7th Cir. 2013), that the controlling agreement was one entered between A & A and the International Brotherhood of Electrical Workers ("IBEW") dated as of March 2003 ("IBEW Agreement"). Because the IBEW Agreement requires contract disputes to be resolved by arbitration, the court dismissed this case without prejudice for improper venue. Defendant argues the state court action is an improper collateral attack on this court's dismissal order and that the All Writs Act, 28 U.S.C. § 1651(a) gives the court the power to enjoin the state court action.

The All Writs Act provides federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Anti-Injunction Act provides a federal court "may not grant an injunction

---

[1] The remanded case shall be referred to as "the state court action."

1

to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction or to protect or effectuate its judgments." 28 U.S.C. § 2283. Defendant contends the relief it is seeking is appropriate because it is necessary "protect or effectuate" this court's dismissal order [49].

"The Anti-Injunction Act, 28 U.S.C. § 2283, bars a district court from enjoining pending state litigation unless the injunction falls within one of the Act's three stated exceptions." Zurich Am. Ins. Co. v. Superior Court for the State of California, 326 F.3d 816, 824 (7th Cir. 2003). "The Act rests on the fundamental constitutional independence of the States and their courts, and its purpose is to make the dual system of state and federal courts work without 'needless friction.'" Id. (internal quotation marks and citations omitted.) "Because of the Act's constitutional foundation, its three exceptions are to be applied narrowly, and any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. And even if the injunction is authorized by one of the exceptions, a district court must still determine whether an injunction is an appropriate exercise of its authority, recognizing the respect due the courts of a sovereign state." Id. (internal quotation marks and citations omitted.) "The power to enjoin state proceedings is discretionary, allowing the court to weigh those factors both pro and con to the issuance of a stay." Commonwealth Edison Co. v. Gulf Oil Corp., 541 F.2d 1263, 1274 (7th Cir. 1976).

An injunction of the state court action is not necessary here to protect or effectuate this court's prior order dismissing this action for improper venue based on the arbitration clause in the IBEW Agreement. Defendant has offered no reason this court should believe the state court is incapable or unlikely to correctly assess the claims pending before it in the state court action in light of this court's prior disposition in this case. The state court is clearly competent to determine if any of plaintiff's claims in the state court action are barred by res judicata or collateral estoppel. The state court can read this court's order, the opinion of the Court of Appeals, and the language in the IBEW Agreement and determine the issues before it. Given the principles of comity, the court cannot assume the state court will disregard or improperly apply this court's prior order. See Zurich, 326 F.3d 827-28.

For the foregoing reasons, defendant's motion [60] to reopen this case and enjoin the state court action is denied.

Date: 10/27/2014                    ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)